**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **DEBRA WILLIAMS** ) | |
| ) | |
| **Plaintiff,** ) | **Civil Action No.** |
| **vs.** ) | |
| ) | |
| **LVNV FUNDING LLC** ) | |
| **and** ) | |
| **ABRAHAMSEN & ASSOCIATES, P.C.** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## COMPLAINT
## UNLAWFUL DEBT COLLECTION PRACTICES

### I. INTRODUCTION

1.     This is an action for damages brought by an individual consumer for Defendants'
violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.* (hereafter the
"FDCPA"), the Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S. §§ 2270.1 *et seq.*
(hereafter the "FCEUA"), constituting unfair and deceptive acts and practices under the
Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. §§ 201-1, *et seq.*
(hereafter the "UTPCPL"), and other laws of the Commonwealth of Pennsylvania. These laws
prohibit debt collectors from engaging in abusive, deceptive, and unfair collection practices.

### II. JURISDICTION AND VENUE

2.     Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331,
1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

3.     Venue lies in this district pursuant to 28 U.S.C. § 1391(b).

## III. **PARTIES**

4.      Plaintiff, Debra Williams, is an adult individual residing at 4416 North Franklin Street, Philadelphia, PA 19140.

5.      Defendant LVNV Funding, LLC (hereafter Defendant or "LVNV") is a business entity regularly engaged in the business of collecting debts nationwide with its principal place of business located at 15 South Main Street, Suite 600, Greenville, SC 29601.  The principal purpose of Defendant is the collection of debts using the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another.

6.      Defendant, Abrahamsen & Associates, P.C. (hereafter "Abrahamsen"), is a business and law firm regularly engaged in the business of collecting debts in this Commonwealth with its principal place of business located at 1729 Pittston Ave., Scranton, PA 18505.  The principal purpose of Defendants is the collection of debts using the mails and telephone, and Defendants regularly attempts to collect debts alleged to be due another.

## IV. **FACTUAL ALLEGATIONS**

7.      At all pertinent times hereto, Abrahamsen was hired by LVNV to collect a debt relating to consumer purchases that was allegedly owed to LVNV (hereafter the "debt").

8.      The debt at issue arises out of an alleged transaction which was primarily for personal, family or household purposes.

9.      On or about August 29, 2008, Defendants caused a lawsuit to be filed against Plaintiff in the Philadelphia County Court of Common Pleas, # SC-08-08-29-7347 (hereafter the "Lawsuit"). (A true and correct copy of the Docket reflecting the filing date of the Lawsuit is attached hereto as Exhibit "A" and is incorporated herein).

2

10.     The Statement of Claim filed with the Court stated that the debt had been "in default since August 4, 2004." (A true and correct copy of the Statement of Claim for the Lawsuit is attached hereto as Exhibit "B" and is incorporated herein).

11.     As support for their claims Defendants attached the Affidavit of Dondrea Robinson which in paragraph 4 states Defendant LVNV's business records "indicate that the Credit Account shows a default/charge off date of 11/29/99." (A true and correct copy of the Affidavit of Dondrea Robinson is attached hereto as Exhibit "C" and is incorporated herein).

12.     Defendants never provided Plaintiff or the court with any evidence that the debt belonged to Plaintiff.

13.     Notwithstanding the above, Defendant did not dismiss the Lawsuit and, as a result, on or about November 4, 2008, Plaintiff was forced, at significant expense to her, to hire an attorney to defend her in the Lawsuit.

14.     Notwithstanding the above, on or about November 6, 2008, the Lawsuit was set for a hearing to take place on January 5, 2009.

15.     Notwithstanding the above, Defendant did not and has not produced any documentation showing that the debt belongs to Plaintiff.

16.     Notwithstanding the above, on or about January 5, 2009, Defendant withdrew the Lawsuit. (A true and correct copy of the Order reflecting the withdrawal of the Lawsuit is attached hereto as Exhibit "D" and is incorporated herein).

17.     Defendants knew that the Lawsuit was time-barred when they brought it, solely for the purpose of harassing and coercing Plaintiff into paying the disputed debt.

18.     Defendants implemented and maintain no procedures which would reasonably allow them to identify the correct debtor and debt and avoid bringing time-barred lawsuits, and

3

Defendants further exercised a reckless disregard towards consumers in their collection activities for debts that are well outside the statute of limitations.

19.   Upon information and belief Defendants have notice from other consumers that their collection procedures fail to properly identify time-barred debts.

20.   Defendants acted, and continue to act, in a false, deceptive, misleading and unfair manner by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

21.   Defendants acted in a false, deceptive, misleading and extremely unfair manner by bringing a time-barred lawsuit against Plaintiff in violation of the FDCPA and FCEUA.  See *Kimber v. Federal Financial Corporation*, 668 F. Supp. 1480 (M.D. Ala. 1987); *Commonwealth v. Cole*, 709 A.2d 994 (Pa. Commw. 1998).

22.   Defendants acted in a false, deceptive, misleading and unfair manner by misrepresenting the amount, character or legal status of a debt.

23.   Defendants acted in a false, deceptive, misleading and unfair manner by continuing to prosecute the Lawsuit, thereby forcing Plaintiff, at her expense, to hire an attorney to defend her in the Lawsuit.

24.   Defendants knew or should have known that their actions violated the FDCPA, FCEUA and the UTPCPL.  Additionally, Defendants could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, FCEUA and the UTPCPL, but neglected to do so and failed to adequately review those actions to insure compliance with said laws.

25.   At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees, who were acting within the scope and course of their employment,

4

and under the direct supervision and control of the Defendants herein.

26.     At all times pertinent hereto, the conduct of Defendants as well as their agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

27.     As a result of Defendants' conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, emotional and mental pain and anguish and pecuniary loss and Plaintiff will continue to suffer same for an indefinite time in the future, all to Plaintiff's great detriment and loss.

## IV.   FIRST CLAIM FOR RELIEF- VIOLATION OF THE FDCPA
### (Plaintiff v. LVNV and Abrahamsen)

28.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

29.     Defendants LVNV and Abrahamsen are "debt collectors" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

30.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

31.     The above contacts by Defendants LVNV and Abrahamsen were "communications" relating to a "debt" as defined by 15 U.S.C. § 1692a(2) and 1692a(5) of the FDCPA.

32.     Defendants LVNV and Abrahamsen violated the FDCPA. Defendants LVNV and Abrahamsen's violations include, but are not limited to, violations of 15 U.S.C. §§ 1692d, 1692e, 1692e(2)(A), 1692e(10), and 1692f, as evidenced by the following conduct:

(a)     Engaging in conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a

5

          debt;

(b)     The false representation of the amount, character or legal status of a debt;

(c)     Initiating a time-barred lawsuit against the plaintiff;

(d)     Taking actions that cannot be legally taken;

(e)     Taking legal action with no meaningful attorney involvement;

(f)     Failure to validate the debt; and

(g)     Otherwise using false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect the alleged debt from the Plaintiff.

33.    Defendants LVNV and Abrahamsen's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff' rights under the law and with the purpose of coercing Plaintiff to pay the alleged debt.

34.    As a result of the above violations of the FDCPA, Defendants LVNV and Abrahamsen are liable to Plaintiff in the sum of Plaintiff's statutory damages, actual damages and attorney's fees and costs.

WHEREFORE, Plaintiff respectfully prays that relief be granted as follows:

(a)     That an order be entered declaring that the Defendant's actions as described above are in violation of the FDCPA;

(b)     That an order be entered enjoining Defendants from continuing to communicate with Plaintiff in violation of the FDCPA;

(c)     That judgment be entered against Defendants for statutory damages pursuant to 15 U.S.C. § 1692k(a)(1);

(d)     That judgment be entered against Defendant for actual damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

(e)     That the Court award costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); and

(f)     That the Court grant such other and further relief as may be just and proper.

## V.   SECOND CLAIM FOR RELIEF- VIOLATING THE FCEUA AND UTPCPL
### (Plaintiff v. LVNV and Abrahamsen)

35.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

36.     Defendants LVNV and Abrahamsen are "debt collectors" as defined by 73 P.S. § 2271.3 of the FCEUA.

37.     Plaintiff is a "consumer" as defined by 73 P.S. § 2271.3 of the FCEUA.

38.     The above contacts by Defendants and disputes by Plaintiff are "communications" relating to a "debt" as defined by 73 P.S. § 2271.3 of the FCEUA.

39.     Defendants engaged in unfair methods of competition and unfair or deceptive acts or practices, as defined by the UTPCPL, by attempting to collect the debt in violation of the FCEUA. Defendants' violations of the FCEUA and UTPCPL include, but are not limited to, violations of 73 P.S. § 2270.4(a) and (b), as evidenced by the following conduct:

(a)     Engaging in conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a

7

debt;

(b)     The false representation of the amount, character or legal status of a
        debt;

(c)     Initiating a time-barred lawsuit against the Plaintiff;

(d)     Taking actions that cannot be legally taken;

(e)     Taking legal action with no meaningful attorney involvement;

(f)     Failure to validate the debt; and

(g)     Otherwise using false, deceptive, misleading and unfair or
        unconscionable means to collect or attempt to collect the alleged debt
        from the Plaintiff.

40.     Defendants' acts as described above were done with malicious, intentional,
willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the
purpose of coercing Plaintiff to pay the debt.

41.     As a result of the above violations of the FCEUA and UTPCPL, Plaintiff has
suffered ascertainable losses entitling Plaintiff to an award of statutory, actual and treble
damages and attorney's fees and costs.

WHEREFORE, Plaintiff respectfully prays that relief be granted as follows:

        (a) That an order be entered declaring that the Defendants' actions as
            described above are in violation of the FCEUA and the UTPCPL;

        (b) That an order be entered enjoining Defendants from continuing to
            communicate with Plaintiff in violation of the FCEUA and the
            UTPCPL;

8

(c) That judgment be entered against the Defendants for actual damages
pursuant to 73 P.S. § 201-9.2(a);

(d) That judgment be entered against the Defendants for statutory
damages pursuant to 73 P.S. § 201-9.2(a);

(e) That judgment be entered against the Defendants for treble damages
pursuant to 73   P.S. § 201-9.2(a);

(f) That the court award costs and reasonable attorney's fees pursuant to
73 P.S. § 201-9.2(a); and

(g) That the Court grant such other and further relief as may be just and
proper.

## VI.   THIRD CLAIM FOR RELIEF- NEGLEGENCE
### (Plaintiff v. LVNV and Abrahamsen)

42.   Plaintiff incorporates the foregoing paragraphs as though the same were set forth

at length herein.

43.   Defendant's negligence consists of the following:

(a) Violating the FDCPA as set forth above;

(b) Violating the UTPCPL as set forth above;

(c) Filing the Lawsuit when Defendant knew or should have known that the claim
was time-barred;

(d) Failing to provide Plaintiff with any proof that she owed the debt;

(e) Failing to employ reasonable procedures to ensure that Defendants did not file
time-barred lawsuits; and

(f) Failing to have any meaningful attorney involvement in the preparation and filing
of the Lawsuit.

44.     As a result of Defendants' above-mentioned conduct, Plaintiff sustained and continues to sustain the losses and damages as set forth above.

45.     The conduct of Defendants was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, damages and harm to Plaintiff that are outlined more fully above and, as a result, Defendants are liable to compensate the Plaintiff for the full amount of actual and compensatory damages, as well as such other relief, permitted under the law.

WHEREFORE, Plaintiff claims compensatory, punitive and all other forms of cognizable damages against Defendants and judgment in her favor, plus lawful interest thereon, attorney's fees and costs of suit.

## VII.   FOURTH CLAIM FOR RELIEF- WRONGFUL USE OF CIVIL PROCEEDINGS/MALICIOUS USE OF PROCESS
### (Plaintiff v. LVNV and Abrahamsen)

46.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

47.     Defendants wrongfully initiated a time-barred civil action against Plaintiff on or about August 29, 2008.

48.     On or about January 5, 2009, said suit was terminated in Plaintiff's favor.

49.     Given that Defendants' records demonstrate that the Lawsuit was time-barred, Defendants lacked reasonable cause to prosecute the action.

50.     Defendants' continued prosecution of the Lawsuit against the Plaintiff was not in effort to bring the rightful debtor to pay his or her obligation.

51.     The conduct of Defendants was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, damages and harm to Plaintiff that are outlined more fully above.

WHEREFORE, Plaintiff claims compensatory, punitive and all other forms of cognizable damages against Defendants and judgment in her favor.

## VIII.   JURY TRIAL DEMAND

52.     Plaintiff demands trial by jury on all issues so triable.


**RESPECTFULLY SUBMITTED,**

**FRANCIS & MAILMAN, P.C.**


BY:     */s/ Mark D. Mailman*
        MARK D. MAILMAN, ESQUIRE
        JOHN SOUMILAS, ESQUIRE
        GEOFFREY H. BASKERVILLE, ESQUIRE
        Attorneys for Plaintiff
        Land Title Building, 19th Floor
        100 South Broad Street
        Philadelphia, PA 19110
        (215) 735-8600


DATE: August 20, 2009

11

# EXHIBIT A

**Case Docket View**
**SC-08-08-29-7347 Case Information**

Complaint claim
Plaintiff Information
LVNV FUNDING LLC ASSIGNEE OF
CONSOLIDATION USA, AKA/DBA: c/o Edwin A.
Abrahamsen & Associates, P.C.
1729 Pittston Ave.
Scranton, PA 18505
**Attorney: MICHAEL F. RATCHFORD ID: 086285**

Defendant Information
1   DEBRA WILLIAMS                                    Disposed
    4416 N. FRANKLIN ST
    PHILADELPHIA, PA 19140
    Attorney: GREGORY J. ALLARD ID: 092218

View Condensed Docket
Reverse Chronological Order

| Filing Date | Description | Results/Comments | Filing Party | Docketed Under | View |
|---|---|---|---|---|---|
| 08/29/2008 | Statement of Claims | Hearing Scheduled: 11/06/2008 01:00 PM Hearing Room 4A Fee: $55.00 Amount at Issue: $8,607.54 Interviewer Code: 14 | MICHAEL F. RATCHFORD | LVNV FUNDING LLC ASSIGNEE OF CONSOLIDATION USA (P) DEBRA WILLIAMS (D1) Service: Private Service | View |
| 08/29/2008 | Plaintiff Instructions SC | Plaintiff Instructions | MICHAEL F. RATCHFORD | DEBRA WILLIAMS (D1) LVNV FUNDING LLC ASSIGNEE OF CONSOLIDATION USA (P) | View |
| 08/29/2008 | ADA - ADA Notice | ADA | MICHAEL F. RATCHFORD | LVNV FUNDING LLC ASSIGNEE OF CONSOLIDATION USA (P) DEBRA WILLIAMS (D1) | View |
| 08/29/2008 | SC What To Do | Instructions | MICHAEL F. RATCHFORD | DEBRA WILLIAMS (D1) LVNV FUNDING LLC ASSIGNEE OF CONSOLIDATION USA (P) | View |
| 08/29/2008 | Non-Military Affidavit | Non-Military Affidavit - DEBRA WILLIAMS | MICHAEL F. RATCHFORD | LVNV FUNDING LLC ASSIGNEE OF CONSOLIDATION USA (P) DEBRA WILLIAMS (D1) | View |
| 08/29/2008 | SC Notice to Defend | Notice to Defend - DEBRA WILLIAMS | MICHAEL F. RATCHFORD | DEBRA WILLIAMS (D1) LVNV FUNDING LLC ASSIGNEE OF CONSOLIDATION USA (P) | View |
| 08/29/2008 | Exhibit | SUPPORTING DOCUMENTS | MICHAEL F. RATCHFORD | DEBRA WILLIAMS (D1) LVNV FUNDING LLC ASSIGNEE OF CONSOLIDATION USA (P) | View |
| 10/09/2008 | Affidavit of Service | Service made for: DEBRA WILLIAMS | CMS User | DEBRA WILLIAMS (D1) | View |
| 11/04/2008 | Entry of Appearance | Attorney GREGORY J. ALLARD filed an entry of appearance for DEBRA WILLIAMS. | GREGORY J. ALLARD | LVNV FUNDING LLC ASSIGNEE OF CONSOLIDATION USA (P) DEBRA WILLIAMS (D1) | |
| 11/04/2008 | Exhibit - Continuance Request | Marked for Judicial Review. | GREGORY J. ALLARD | DEBRA WILLIAMS (D1) | View |
| 11/06/2008 | Disposition - Continued | Continued To 01/05/2009 01:15 PM in Room: 4D. Parties Appearing: LVNV FUNDING LLC ASSIGNEE OF CONSOLIDATION USA, MICHAEL RATCHFORD. | Louis J. Presenza | DEBRA WILLIAMS (D1) | View |
| 11/06/2008 | Notice - Notice of Continuance | | Louis J. Presenza | DEBRA WILLIAMS (D1) | View |
| 01/05/2009 | Disposition - Withdrawn without Prejudice | Withdrawn without Prejudice. Parties Appearing: MICHAEL RATCHFORD, GREGORY ALLARD. | Thomas M. Nocella | DEBRA WILLIAMS (D1) | View |

[ Print All Documents ]          [ Print Only Pertinent Documents ]

# EXHIBIT B



# PHILADELPHIA MUNICIPAL COURT
## FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
34 South 11th Street, Philadelphia, PA. 19107

Louis J. Presenza, President Judge       Patricia R. McDermott, Deputy Court Administrator

## STATEMENT OF CLAIM

**Code:** Consumer Purchase - (4)                        **#** SC-08-08-29-7347

| | |
|---|---|
| LVNV FUNDING LLC ASSIGNEE OF CONSOLIDATION USA, AKA/DBA: c/o Edwin A. Abrahamsen & Associates, P.C. 1729 Pittston Ave. Scranton, PA 18505 | DEBRA WILLIAMS 4416 N. FRANKLIN ST PHILADELPHIA, PA 19140 |
| *Plaintiff* | *Defendant(s)* |

Service Address (information) if other than above:

*To the Defendant: Plaintiff is seeking a money judgment against the **Defendant(s)** based on the following claim:*

The amount of $8,572.86 is due and owed for credit granted by LVNV FUNDING LLC where the balance is in default since August 4, 2004. This account has been assigned for collection by LVNV FUNDING LLC ASSIGNEE OF and LVNV FUNDING LLC ASSIGNEE OF is entitled to all rights, assignments and judgments. The Plaintiff respectfully requests that this court grant judgment in favor of plaintiff and against defendant in the amount of $8,572.86 plus court costs and reasonable attorneys fees.

## Summons to the Defendant
You are hereby ordered to appear at a hearing scheduled as follows:

## Citation al Demandado
Por la presenta, Usted esta dirijido a presentarse a la siguiente:

34 South 11th Street
Philadelphia, PA 19107
Hearing Room: 4A

November 6th, 2008

01:00 PM

## Amount Claimed

| | | |
|---|---|---|
| Principal | $ | 8114.04 |
| Interest | $ | 493.50 |
| Attorney Fees | $ | 0.00 |
| Other Fees | $ | 0.00 |
| **Subtotal** | $ | 8607.54 |
| Service | $ | 0.00 |
| State Fee | $ | 10.00 |
| Automation Fee | $ | 5.00 |
| Court Costs | $ | 40.00 |
| **TOTAL CLAIMED** | $ | 8662.54 |

Date Filed: 08/29/2008

I, the undersigned, verify and depose that the facts set forth in this Complaint are true and correct and acknowledge that I am subject to the penalties of 18 P.S. 4904 relating to Unsworn Falsification Authorities.

MICHAEL F. RATCHFORD

**Signature Plaintiff/Attorney**
Atty ID #: 086285

**Address & Phone**

120 NORTH KEYSER AVENUE SUITE 200
SCRANTON, PA 18504
(570) 558-5510

NOTICE TO THE DEFENDANT, YOU HAVE BEEN
SUED IN COURT. PLEASE SEE ATTACHED NOTICES.

AVISO AL DEMANDADO LE HAN DEMANDADO EN
CORTE. VEA POR FAVOR LOS AVISOS ASOCIADOS.

If you wish to resolve this matter without appearing in court, please contact the attorney shown above immediately.

# EXHIBIT C

Creditor Account Number: ████
Creditor Name: LVNV Funding LLC
Defendant(s) Name: DEBRA WILLIAMS

State of South Carolina)
                        )ss.        A F F I D A V I T
County of Greenville)

I, Dondrea Robinson, after being first duly sworn according to law
deposes and states as follows:

1. I am an/an authorized representative of LVNV Funding LLC, (herein
referred to as "Assignee"), and I am authorized to make this affidavit
on its behalf, and the information below is true and correct to the
best of my knowledge, information and belief.  The scope of my job
responsibilities includes processing and collection of credit accounts
maintained by Assignee including the Credit Account referenced below.
In the performance of my duties for Assignee, I am familiar with the
manner and method by which Assignee creates and maintains its normal
business books and records, including computer records and/or data of
its Credit Accounts.  As such, I am one of Assignee's custodians of
business records.

2.  I have personal knowledge under which Assignee's records were
created and I am familiar with Assignee's record keeping systems.
Assignee maintains business records concerning all its consumer
accounts in the ordinary course of its business affairs, which business
records are kept in the course of Assignee's regularly conducted
business activities, and as part of the regular business practice of
Assignee to make such records.  All such business records were made at
or near the time of the occurrence of the matters set forth by, or from
information transmitted by, a person with knowledge of those matters.

3.  In the ordinary course of business, Assignee regularly purchases
revolving credit accounts, installment accounts, service accounts
and/or other credit lines from the original creditor or their
assignees.

4.  Assignee's business records indicate that Assignee purchased the
Credit Account of DEBRA WILLIAMS"Defendant" herein),account Number
████ (herein "the Credit Account") from the original creditor or its
assignee.  The original creditor is identified in Assignee's business
records as Consolidation USA and such records further indicate the
Credit Account shows a default/charge off date of 11/29/1999.

5.  Upon information, pursuant to duties imposed upon creditors under
the Truth in Lending Act, the Fair Credit Billing Act and Regulation Z,
it is the regular practice of creditors extending credit to send
monthly statements to the accountholders reflecting the purchases made,
payments received and/or amounts owing on such Credit Accounts; to keep
such records in the ordinary course of their business affairs, as part
of their regularly conducted business activities, and as part of their
regular business practice to make such records.  Upon information and
belief, those records are both reliable and accurate.

# EXHIBIT D



# PHILADELPHIA MUNICIPAL COURT
## FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
34 South 11th Street, Philadelphia, PA. 19107

Louis J. Presenza, President Judge          Patricia R. McDermott, Deputy Court Administrator

# SC-08-08-29-7347

| | |
|---|---|
| LVNV FUNDING LLC ASSIGNEE OF CONSOLIDATION USA, AKA/DBA: c/o Edwin A. Abrahamsen & Associates, P.C.<br>1729 Pittston Ave.<br>Scranton, PA 18505 | DEBRA WILLIAMS<br>4416 N. FRANKLIN ST<br>PHILADELPHIA, PA 19140 |
| *Plaintiff* | *Defendant(s)* |

MICHAEL F. RATCHFORD

**Plaintiff/Attorney**
**Attorney #** _____086285_____

**Address &**    120 NORTH KEYSER AVENUE SUITE 200
**Phone**        SCRANTON, PA 18504

# O R D E R

**AND NOW,** to wit this _____5th_____ day of _____January_____, _____2009_____, upon consideration of the above captioned complaint, it is hereby ordered and decreed that the above captioned case be marked as follows:

Withdrawn without Prejudice.

## BY THE COURT:

_____ (K.M.)
**J.**

51 (07/09/01)