IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DEBRA WILLIAMS | : | |
| | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION |
| v. | : | NO. 2:09-cv-03826-PBT |
| | : | |
| LVNV FUNDING LLC | : | |
| and | : | |
| ABRAHAMSEN & ASSOCIATES, P.C. | : | |
| | : | |
| Defendants. | : | |

**ANSWER AND AFFIRMATIVE DEFENSES OF
DEFENDANT LVNV FUNDING LLC TO PLAINTIFF'S COMPLAINT**

Defendant LVNV Funding LLC ("LVNV"), by its undersigned counsel, hereby answers the allegations of Plaintiff's Complaint according to its numbered paragraphs and asserts Affirmative Defenses as follows:

**I. INTRODUCTION**

1. Admitted in part, denied in part. It is admitted only that Plaintiff claims to bring this action under the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq*. ("FDCPA"), the Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S. §§ 2270.1 *et seq.* ("FCEUA"), allegedly constituting unfair and deceptive acts and practices under the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. §§ 201-1 *et seq.* ("UTPCPL") and other laws of the Commonwealth of Pennsylvania. The remaining allegations set forth in Paragraph 1 are denied.

**II. JURISDICTION AND VENUE**

2. The averments of this Paragraph are legal conclusions to which no response is required.

3. The averments of this Paragraph are legal conclusions to which no response is required.

### III. PARTIES

4. Admitted upon information and belief.

5. Denied as stated.  To the extent that this Paragraph contains conclusions of law, no response is required.  By way of further response, LVNV states that is a Delaware limited liability company.  Further, LVNV denies the remaining allegations of this Paragraph.

6. Admitted in part, denied in part.  To the extent that this Paragraph contains conclusions of law, no response is required.  By way of further response, LVNV admits that Defendant Abrahamsen & Associates, P.C. ("Abrahamsen") is a business and law firm.  After reasonable investigation, LVNV is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph and, therefore, denies the same.

### IV. FACTUAL ALLEGATIONS

7. Admitted in part, denied in part.  To the extent that this Paragraph contains conclusions of law, no response is required.  By way of further response, LVNV admits only that it retained Abrahamsen to collect a debt owed by Plaintiff.  After reasonable investigation, LVNV is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph and, therefore, denies the same.

8. Denied.  After reasonable investigation, LVNV is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph and, therefore, denies the same.

9. Admitted in part, denied in part. The allegations of this Paragraph refer to a document that speaks for itself.  By way of further response, LVNV admits that a lawsuit was failed on its behalf against Plaintiff.

10. The allegations of this Paragraph refer to a document that speaks for itself.

11. The allegations of this Paragraph refer to a document that speaks for itself.

12. Denied.

13. Denied.  It is denied that LVNV caused any harm to Plaintiff.  After reasonable investigation, LVNV is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph and, therefore, denies the same.

14. Denied.  After reasonable investigation, LVNV is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph and, therefore, denies the same.

15. Denied.

16. The allegations of this Paragraph refer to a document that speaks for itself.

17. Denied.

18. LVNV states that the allegations of this Paragraph are legal conclusions for which no response is required.  To the extent that a response is required, LVNV denies the allegations of this Paragraph.

19. Denied.

20. LVNV states that the allegations of this Paragraph are legal conclusions for which no response is required.  To the extent that a response is required, LVNV denies the allegations of this Paragraph.

21. LVNV states that the allegations of this Paragraph are legal conclusions for which no response is required.  To the extent that a response is required, LVNV denies the allegations of this Paragraph.

22. LVNV states that the allegations of this Paragraph are legal conclusions for which no response is required. To the extent that a response is required, LVNV denies the allegations of this Paragraph.

23. LVNV states that the allegations of this Paragraph are legal conclusions for which no response is required. To the extent that a response is required, LVNV denies the allegations of this Paragraph.

24. LVNV states that the allegations of this Paragraph are legal conclusions for which no response is required. To the extent that a response is required, LVNV denies the allegations of this Paragraph.

25. LVNV states that the allegations of this Paragraph are legal conclusions for which no response is required. To the extent that a response is required, LVNV denies the allegations of this Paragraph.

26. LVNV states that the allegations of this Paragraph are legal conclusions for which no response is required. To the extent that a response is required, LVNV denies the allegations of this Paragraph.

27. LVNV states that the allegations of this Paragraph are legal conclusions for which no response is required. To the extent that a response is required, LVNV denies the allegations of this Paragraph.

### IV.  FIRST CLAIM FOR RELIEF-VIOLATION OF THE FDCPA
**(Plaintiff v. LVNV and Abrahamsen)**

28. LVNV incorporates by reference the preceding numbered Paragraphs as if fully set forth herein.

29. LVNV states that the allegations of this Paragraph are legal conclusions for which no response is required. To the extent that a response is required, LVNV denies the allegations of this Paragraph.

30. LVNV states that the allegations of this Paragraph are legal conclusions for which no response is required. To the extent that a response is required, LVNV denies the allegations of this Paragraph.

31. LVNV states that the allegations of this Paragraph are legal conclusions for which no response is required. To the extent that a response is required, LVNV denies the allegations of this Paragraph.

32. (a) – (g). LVNV states that the allegations of this Paragraph are legal conclusions for which no response is required. To the extent that a response is required, LVNV denies the allegations of this Paragraph.

33. LVNV states that the allegations of this Paragraph are legal conclusions for which no response is required. To the extent that a response is required, LVNV denies the allegations of this Paragraph.

34. LVNV states that the allegations of this Paragraph are legal conclusions for which no response is required. To the extent that a response is required, LVNV denies the allegations of this Paragraph.

WHEREFORE, Defendant LVNV Funding LLC demands judgment in its favor and against Plaintiff, including costs, attorneys' fees and such other relief as this Court may deem equitable and just.

## V. SECOND CLAIM FOR RELIEF – VIOLATING THE FCEUA AND UTPCPL
### (Plaintiff v. LVNV and Abrahamsen)

35. LVNV incorporates by reference the preceding numbered Paragraphs as if fully set forth herein.

36. LVNV states that the allegations of this Paragraph are legal conclusions for which no response is required. To the extent that a response is required, LVNV denies the allegations of this Paragraph.

37. LVNV states that the allegations of this Paragraph are legal conclusions for which no response is required. To the extent that a response is required, LVNV denies the allegations of this Paragraph.

38. LVNV states that the allegations of this Paragraph are legal conclusions for which no response is required. To the extent that a response is required, LVNV denies the allegations of this Paragraph.

39. (a) – (g). LVNV states that the allegations of this Paragraph are legal conclusions for which no response is required. To the extent that a response is required, LVNV denies the allegations of this Paragraph.

40. LVNV states that the allegations of this Paragraph are legal conclusions for which no response is required. To the extent that a response is required, LVNV denies the allegations of this Paragraph.

41. LVNV states that the allegations of this Paragraph are legal conclusions for which no response is required. To the extent that a response is required, LVNV denies the allegations of this Paragraph.

- 7 -

WHEREFORE, Defendant LVNV Funding LLC demands judgment in its favor and against Plaintiff, including costs, attorneys' fees and such other relief as this Court may deem equitable and just.

### VI.  THIRD CLAIM FOR RELIEF – NEGLIGENCE
### (Plaintiff v. LVNV and Abrahamsen)

42. LVNV incorporates by reference the preceding numbered Paragraphs as if fully set forth herein.

43. (a) – (f). LVNV states that the allegations of this Paragraph are legal conclusions for which no response is required. To the extent that a response is required, LVNV denies the allegations of this Paragraph.

44. LVNV states that the allegations of this Paragraph are legal conclusions for which no response is required. To the extent that a response is required, LVNV denies the allegations of this Paragraph.

45. LVNV states that the allegations of this Paragraph are legal conclusions for which no response is required. To the extent that a response is required, LVNV denies the allegations of this Paragraph.

WHEREFORE, Defendant LVNV Funding LLC demands judgment in its favor and against Plaintiff, including costs, attorneys' fees and such other relief as this Court may deem equitable and just.

### VII.  FOURTH CLAIM FOR RELIEF – WRONGFUL USE OF CIVIL PROCEEDINGS/MALICIOUS USE OF PROCESS
### (Plaintiff v. LVNV and Abrahamsen)

46. LVNV incorporates by reference the preceding numbered Paragraphs as if fully set forth herein.

47.     LVNV states that the allegations of this Paragraph are legal conclusions for which no response is required.  To the extent that a response is required, LVNV denies the allegations of this Paragraph.

48.     LVNV states that the allegations of this Paragraph are legal conclusions for which no response is required.  To the extent that a response is required, LVNV denies the allegations of this Paragraph.

49.     LVNV states that the allegations of this Paragraph are legal conclusions for which no response is required.  To the extent that a response is required, LVNV denies the allegations of this Paragraph.

50.     LVNV states that the allegations of this Paragraph are legal conclusions for which no response is required.  To the extent that a response is required, LVNV denies the allegations of this Paragraph.

51.     LVNV states that the allegations of this Paragraph are legal conclusions for which no response is required.  To the extent that a response is required, LVNV denies the allegations of this Paragraph.

WHEREFORE, Defendant LVNV Funding LLC demands judgment in its favor and against Plaintiff, including costs, attorneys' fees and such other relief as this Court may deem equitable and just.

## VIII.  **JURY TRIAL DEMAND**

52.     LVNV admits only that Plaintiff demand trial by jury on all issues so triable.

## **AFFIRMATIVE DEFENSES**

1.      The Complaint fails to state a claim against LVNV upon which relief can be granted.

2. Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitation.

3. Plaintiff's claims are barred, in whole or in part, by reason of the doctrines of laches, waiver and estoppel.

4. Plaintiff is barred from recovery under the doctrine of ratification.

5. Plaintiff's claims are barred by the gist of the action doctrine.

6. Plaintiff's claims are barred by the economic loss doctrine.

7. Plaintiff is not entitled to injunctive or declaratory relief.

8. Plaintiff is not entitled to any damages under any federal or state statute.

9. An award of punitive damages under the circumstances of this case would be unconstitutional.

10. Plaintiff failed to state any claim for which attorney's fees may be awarded.

11. Plaintiff suffered no damages from the alleged violations by LVNV and therefore is not entitled to any award of damages, attorney's fees, or costs.

12. To the extent Plaintiff sustained damages in this matter, which LVNV specifically denies, then said damages were caused by the conduct of other entities or parties over whom LVNV had no control or right of control.

13. Any alleged acts or omissions of LVNV giving rise to Plaintiff's claims, if any, are the result of innocent mistake and/or bona fide error despite reasonable procedures implemented by LVNV.

14. LVNV at all times acted in the utmost good faith and in the belief that its conduct was lawful and proper under the circumstances, and that it performed in a lawful manner.

15. LVNV at all times acted in a reasonable manner in connection with the events at issue in this action.

16. As a matter of fact and law, LVNV is not liable to Plaintiff for any reason or under any theory.

17. Plaintiff has failed to mitigate her alleged damages.

18. Plaintiff's negligence was the cause of any damages she claimed and, therefore, Plaintiff was contributory negligent.

19. Any loss suffered by Plaintiff was not proximately caused by LVNV.

20. The damages complained of were the result of the intervening actions of others and were not proximately caused by the actions or omissions of LVNV.

21. Any harm alleged can be attributed to several causes, and the damages for this harm, if any, should be apportioned among the various causes according to the contribution of each cause to the harm sustained.

WHEREFORE, Defendant LVNV Funding LLC demands judgment in its favor and against Plaintiff, including costs, attorneys' fees and such other relief as this Court may deem equitable and just.

Respectfully submitted,

/s/ *Joe N. Nguyen*
Joe N. Nguyen (Pa. I.D. No. 93638)
**REED SMITH LLP**
2500 One Liberty Place
1650 Market Street
Philadelphia, Pennsylvania 19103
Telephone No. (215) 851-8100
JNguyen@ReedSmith.com

*Attorneys for Defendant*
*LVNV Funding LLC*

Dated: December 1, 2009

## CERTIFICATE OF SERVICE

I hereby certify that, on this 1st day of December, 2009, I caused to be served a true and correct copy of the foregoing Defendant LVNV Funding LLC's Answer and Affirmative Defenses to Plaintiff's Complaint via ECF and/or United States First Class Mail upon the following:

>Mark D. Mailman, Esquire
>Geoffrey H. Baskerville, Esquire
>FRANCIS & MAILMAN, P.C.
>Land Title Building, 19th Floor
>100 South Broad Street
>Philadelphia, PA 19110
>
>*Attorneys for Plaintiff*
>
>
>Edwin A. Abrahamsen, Esquire
>Abrahamsen Moran & Conaboy PC
>1006 Pittston Avenue
>Scranton, PA 18504
>
>*Attorneys for Defendant*
>*Abrahamsen & Associates, P.C.*

/s/ *Joe N. Nguyen*
Joe N. Nguyen