IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEBRA WILLIAMS, | : |
| | : |
| Plaintiff, | : CIVIL ACTION |
| | : |
| | : NO. 09-3826 |
| v. | : |
| | : |
| LVNV FUNDING LLC, ET AL., | : |
| | : |
| Defendants. | : |

MEMORANDUM OPINION

Tucker, J.                                                                                    June ____, 2010

    Presently before the Court are Plaintiff's Motion to Compel the Depositions of Corporate Representatives of Defendants, LVNV Funding LLC ("LVNV") and Abrahamsen & Associates, P.C. ("Abrahamsen"), and to Compel Full and Complete Responses to Discovery from Defendant Abrahamsen (Doc. 13); Defendants' Responses in Opposition thereto (Docs. 14 & 16); Defendant Abrahamsen's Motion for Protective Order (Doc. 17); and, Plaintiff's Response in Opposition thereto (Doc. 19).  For the reasons set forth below, this Court will grant in part Plaintiff's Motion to Compel and deny Defendant Abrahamsen's Motion for Protective Order.

BACKGROUND

    Plaintiff Debra Williams ("Plaintiff"), an individual consumer, has brought this action for damages against Defendants, Abrahamsen and LVNV, for alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, *et seq.*, and various laws of the Commonwealth of Pennsylvania.  On January 29 and February 1, 2010, Plaintiff served Defendants, Abrahamsen and LVNV, respectively, with Notices of Deposition pursuant to Fed. R. Civ. P. 30(b)(6).  (Pl.'s Mot. ¶¶ 2-3.)  The depositions were originally noticed for March 23

and March 24, 2010, but were later rescheduled to May 4, 2010. (Pl.'s Mot. ¶¶ 2-3.) In addition, Plaintiff served written discovery requests, including Interrogatories and Document Requests, on Defendant Abrahamsen on January 29, 2010. (Pl.'s Mot. ¶ 4.)

On February 25, 2010, Defendant Abrahamsen provided responses to Plaintiff's discovery requests, objecting to several of those requests on the grounds that they are irrelevant, overly broad, burdensome, and not reasonably calculated to lead to discoverable evidence. (Pl.'s Mot. ¶ 4.) On April 1, 2010, Plaintiff's counsel wrote to Defendant Abrahamsen's counsel seeking full and complete responses to Plaintiff's discovery requests. (Pl.'s Mot. ¶ 5.) On April 21, 2010, Defendant Abrahamsen's counsel responded that it stood by its objections and would produce certain documents only with a confidentiality agreement. (Pl.'s Mot. ¶ 5.)

Plaintiff provided Defendants with a settlement demand and offered to postpone the depositions and refrain from filing a motion to compel pending the settlement discussions. (Pl.'s Mot. ¶ 6.) But, when Plaintiff did not receive any settlement offers from Defendants, Plaintiff's counsel wrote to defense counsel requesting full and complete discovery responses by May 12, 2010, and subsequently agreed to extend that deadline until May 17, 2010. (Pl.'s Mot. ¶ 7.) When that deadline passed, Plaintiff still had not received a settlement offer, full and complete responses to her discovery requests, or any make-up dates for the depositions. (Pl.'s Mot. ¶ 8.) Therefore, on May 20, 2010, Plaintiff filed the instant Motion to Compel based on Defendants' failure to produce corporate representatives for depositions and Defendant Abrahamsen's failure to provide full and complete discovery responses.

## DISCUSSION

In her Motion to Compel, Plaintiff seeks an order from the Court compelling: (1)

Defendants, Abrahamsen and LVNV, to produce corporate representatives pursuant to Fed. R. Civ. P. 30(b); and (2) Defendant Abrahamsen to provide full and complete responses to Plaintiff's Interrogatories and Document Requests. In response, Defendant LVNV stated that it is willing to set a date for the deposition of its corporate representative, but argues that the deposition should be limited to certain topics in Plaintiff's Notice of Deposition. In addition, Defendant Abrahamsen asserted that it has provided deposition dates to Plaintiff, but maintains objections to some of Plaintiff's discovery requests. The Court will discuss, first, whether Defendant LVNV's corporate representative may be deposed on all of the topics in Plaintiff's Notice of Deposition; and, then whether Defendant Abrahamsen must provide full and complete responses to all of Plaintiff's discovery requests.

I.  **Deposition of Defendant LVNV's Corporate Representative**

Defendant LVNV stated that it will provide proposed dates for the deposition of its corporate representative, but contends that a number of the topics listed in Plaintiff's Notice of Deposition are overly broad, unduly burdensome, oppressive, harassing, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. (LVNV's Resp. ¶ 2.) According to Defendant LVNV, topics 8, 9, and 10 should be excluded from the deposition. Those three topics pertain to collections and court actions brought on behalf of Defendant LVNV in the past five years which were filed in error, filed outside the applicable statute of limitations, or voluntarily terminated. (Pl.'s Mot., Ex. A.) Specifically, those topics concern the following:

> (8) all collection and/or court actions brought on behalf of LVNV in the past five years which were filed in error against the incorrect debtor or against a consumer who did not actually owe the debt being collected,
>
> (9) all collection and/or court actions brought on behalf of LVNV in the past five years which were filed outside the applicable statute of limitations or which were

time-barred,

(10) all collection and/or court actions brought on behalf of LVNV in the past five years which were voluntarily terminated or withdrawn.

(Pl.'s Mot., Ex. A.) Defendant LVNV also noted that, on May 28, 2010, Defendants provided a settlement offer in response to Plaintiff's demand, and as of June 3, 2010, they have not received a response.

Pursuant to Rule 26(b)(1), a party is entitled to discovery of "any matter, not privileged, which is relevant to the subject matter in the pending action." Fed. R. Civ. P. 26(b)(1). Rule 26(b)(1) also states that the information sought need not be admissible at trial so long as it appears reasonably calculated to lead to the discovery of admissible evidence. Id. Here, the topics listed in Plaintiff's Notice of Deposition concern information that is relevant to the subject matter in this action and not privileged. Specifically, this action arises out of allegations of unlawful debt collection practices. Plaintiff alleges that Defendants brought a time-barred lawsuit against her in the Philadelphia Court of Common Pleas on August 29, 2008 in connection with a disputed debt, and then withdrew the suit several months later after they failed to produce any evidence that the debt belonged to Plaintiff. (Compl. ¶¶ 9, 15-16.)

The disputed topics in the Notice of Deposition pertain to similar collections and court actions brought on behalf of Defendant LVNV in the past five years, which were filed in error, filed outside the applicable statute of limitations, or voluntarily terminated. That information is relevant to the subject matter because it would tend to prove or disprove the allegations supporting Plaintiff's claims for relief. For example, it may be relevant to Plaintiff's allegations that Defendants' acts were done with malicious, intentional, willful, reckless, wanton, and negligent disregard for Plaintiff's rights. (Compl. ¶¶ 33, 40.) The Court makes no determination

as to whether that information would be admissible at trial. It is sufficient for the purpose of a motion to compel that the information appear reasonably calculated to lead to the discovery of admissible evidence. Since topics 8, 9, and 10 appear so reasonably calculated, they are within the scope of discoverable information that Plaintiff may seek from Defendant LVNV's corporate representative.

II.     **Written Discovery Requests Served Upon Defendant Abrahamsen**

Defendant Abrahamsen objects to the following interrogatories, on the grounds that they are irrelevant, overly broad, burdensome, and not reasonably calculated to lead to discoverable evidence:

1. No. 6 – policies and procedures related to filing collection lawsuits;
2. No. 10 – number of lawsuits brought against Defendant alleging FDCPA violations;
3. No. 11 – number of claims brought against Defendant alleging violations of the Dragonetti Act;
4. No. 12 – number of collection actions brought by Defendant in a year;
5. No. 13 – Defendant's net worth;
6. No. 14 – number of lawsuits filed against the wrong person; and,
7. No. 15 – number of lawsuits filed and then voluntarily dismissed.

Asserting those same grounds, Defendant Abrahamsen also objects to the following document requests:

1. Nos. 10, 34, and 36 – relating to Defendant's tax returns and net worth; and,
2. Nos. 7 and 31 – relating to the number of lawsuits filed against Defendant alleging violations of the FDCPA, as well as those suits that Defendant filed against consumers and later voluntarily withdrew.

According to Defendant Abrahamsen, prior to the filing of its Response, it sent Plaintiff dates when a corporate representative would be available for a deposition. (Abrahamsen's Resp. ¶ 2.) In addition, on April 21, 2010, Defendant Abrahamsen responded to correspondence sent by Plaintiff's counsel, stating that it was prepared to turn over responses to Interrogatory No. 6

(policies and procedures related to filing collection lawsuits) and No. 13 (Defendant's net worth), as well as documents pertaining to Document Request Nos. 10, 34, and 36 (relating to Defendant's tax returns and net worth), provided that Plaintiff signed a confidentiality agreement. (Abrahamsen's Resp. ¶ 6; Abrahamsen's Mot. for Protective Order ¶ 12.)  Defendant Abrahamsen, however, maintains its objections to Interrogatory Nos. 10, 11, 12, 14, and 15, as well as Document Request Nos. 7 and 31, contending that those discovery requests are not relevant to the pending action and not reasonably calculated to the lead to the discovery of relevant evidence.  (Abrahamsen's Resp. ¶ 6; Abrahamsen's Mot. for Protective Order ¶ 12.)

Specifically, Defendant Abrahamsen argues that Interrogatory Nos. 10 and 11, and Document Request No. 7, which seek all FDCPA, Pennsylvania consumer protection laws, and Dragonetti actions filed against Defendant and the result of those actions, are overly burdensome, involve third party co-defendants who are not party to this action, are irrelevant, and are a matter of public record.  (Abrahamsen's Mot. for Protective Order ¶ 14.)  Defendant also argues that Interrogatory No. 12, which seeks the number of lawsuits Defendant files in a year, is irrelevant and overly burdensome since it dates back to the inception of the firm.  (Abrahamsen's Mot. for Protective Order ¶ 15.)  In addition, Defendant argues that the information sought by Interrogatory No. 14, pertaining to matters withdrawn because the wrong individual was sued or the statute of limitations had expired, is protected by the attorney-client privilege, and involves communications between Defendant and third-party clients who are not subject to this lawsuit. (Abrahamsen's Mot. for Protective Order ¶ 16.)  Defendant also argues that such information is irrelevant and imposes undue burden on Defendant.  (Abrahamsen's Mot. for Protective Order ¶ 16.)  Finally, Defendant argues that the information requested by Interrogatory No. 15 and

Document Request No. 31, pertaining to actions which were withdrawn because the individual did not owe the debt, is protected by the attorney-client information, and involves communications between Defendant and third-party clients who are not subject to this lawsuit. (Abrahamsen's Mot. for Protective Order ¶ 17.)

As discussed, under Rule 26(b)(1), a party is entitled to discovery of "any matter, not privileged, which is relevant to the subject matter in the pending action." Fed. R. Civ. P. 26(b)(1). At this stage, admissibility at trial is not required, so long as the information appears reasonably calculated to lead to the discovery of admissible evidence. Id. Here, the information requested in all of Plaintiff's discovery requests is relevant to the instant action because it tends to prove or disprove Plaintiff's allegations. Moreover, those discovery requests do not require Defendant Abrahamsen to disclose privileged information. Interrogatory No. 14 asks Defendant Abrahamsen to "[s]tate whether ***any defendant*** to any lawsuit that you have filed or in which you have represented a creditor has advised you that you have sued the wrong person, or you have taken legal action after the statute of limitation, and identify any such action." (Pl.'s Mot., Ex. A, emphasis added.) The information requested does not constitute confidential attorney-client communications, therefore it is not protected by the attorney-client privilege. The same is true for Interrogatory No. 15, which asks Defendant to "[i]dentify every action that [it has] had to dismiss, terminate or withdraw as counsel because [it] served, sued or pursued legal action against a defendant who did not owe the debt that was the subject of the lawsuit." (Pl.'s Mot., Ex. A.) That interrogatory is not seeking the contents of confidential attorney-client communications; on the contrary, it simply requires Defendant to identify actions it has had to terminate because the defendant sued did not owe the debt in dispute. Therefore, there are no

attorney-client privilege issues implicated here.

Similarly, the information sought in Plaintiff's Document Requests does not fall within the protection of the attorney-client privilege. Document Request No. 7 asks for "[c]opies of any complaints or other legal pleadings involving litigation filed against the Defendant alleging violations of the FDCPA or claims for malicious prosecution or for abuse of process in the previous five years." (Pl.'s Mot., Ex. A.) And, Document Request No. 31 requests "[a]ll dismissal or voluntary withdrawal documents for lawsuits that Defendant has filed in the federal or state courts of Pennsylvania in the previous five years." (Pl.'s Mot., Ex. A.) Additionally, while some of the requested documents are matters of public record, it would be significantly less burdensome to require Defendant Abrahamsen to produce that information. Accordingly, Defendant Abrahamsen is required to provide full and complete responses to Interrogatory Nos. 10, 11, 12, 14, and 15, as well as Document Request Nos. 7 and 31.

With respect to Plaintiff's Interrogatory Nos. 6 and 13, and Document Request Nos. 10, 34, and 36, Plaintiff has reported that it is willing to work with Defendant Abrahamsen to reach an agreement that would bring the language of the proposed protective order within the requirements of Pansy v. Borough of Stroudsburg, 23 F.3d 772 (3d Cir. 1994). Therefore, the Court will permit the parties to do so, and expects that once the parties have agreed to a protective order, Defendant Abrahamsen will provide full and complete responses to those remaining discovery requests.

## CONCLUSION

For the foregoing reasons, this Court will grant in part Plaintiff's Motion to Compel and deny Defendant Abrahamsen's Motion for Protective Order. An appropriate Order follows.